USDC IN/ND case 2:20-cv-00039-TLS-JEM document 2 filed 12/18/19 page 1 of 4

64D02-1912-CT-011785
Porter Superior Court 2

Filed: 12/18/2019 2:46 PM
Clerk
Porter County, Indiana

| STATE OF INDIANA | SS | IN THE PORTER CIRCUIT/ SUPERIOR COURT |
| COUNTY OF PORTER | | ROOM _____ |
| | | SITTING IN _____, INDIANA |

Walter Burtin,

    Plaintiff,

vs.

Praxair, Inc.,
Praxair Distribution, Inc.,
Praxair Services, Inc.,
Praxair Surface Technologies, Inc.,
Union Carbide Industrial Services Company d/b/a Praxair Services, Inc.,
Union Carbide Industrial Gases Inc. d/b/a Praxair, Inc.,
Union Carbide Coatings Service Corporation d/b/a Praxair Surface Technologies, Inc., and
Union Carbide Corporation,

    Defendants.

CAUSE No.:

JURY DEMAND

## COMPLAINT AT LAW

The Plaintiff, Walter Burtin, by and through his attorneys, complaining against the Defendants - Praxair, Inc., Praxair Distribution, Inc., Praxair Services, Inc., Praxair Surface Technologies, Inc., Union Carbide Industrial Services Company d/b/a Praxair Services, Inc., Union Carbide Industrial Gases Inc. d/b/a Praxair, Inc., Union Carbide Coatings Service Corporation d/b/a Praxair Surface Technologies, Inc., and Union Carbide Corporation - states as follows:

1. On and prior to January 19, 2018, the Defendants - Praxair, Inc., Praxair Distribution, Inc., Praxair Services, Inc., Praxair Surface Technologies, Inc., Union Carbide Industrial Services Company d/b/a Praxair Services, Inc., Union Carbide Industrial Gases Inc. d/b/a Praxair, Inc., Union Carbide Coatings Service Corporation d/b/a Praxair Surface

1

Technologies, Inc., and Union Carbide Corporation (hereinafter all collectively referred to as "PRAXAIR") - owned, operated, controlled, and/or maintained a certain industrial plant facility (with various exterior liquid hydrogen holding tanks) located at 1224 W. North Boo Road in Burns Harbor, Porter County, Indiana.

2.   On or about January 19, 2018, the Plaintiff, Walter Burtin, was employed as a delivery driver for a company commonly referred to as "Ruan Transportation", and he was assigned by said employer to drive a tanker truck containing liquid hydrogen to said PRAXAIR facility for delivery to said exterior holding tanks.

3.   At all times relevant hereto, the Defendants, PRAXAIR, provided an exterior walkway at said plant facility for use by the Plaintiff and other vendors making deliveries of liquid hydrogen to PRAXAIR's said exterior holding tanks.

4.   On or about January 19, 2018, the Plaintiff, Walter Burtin, was at said PRAXIAR facility for the purpose of making a delivery of liquid hydrogen to said exterior holding tanks and was walking on said exterior walkway when he was caused to trip and fall due the presence of a snow covered pipe that had been allowed to extend over said walkway – thereby creating a tripping hazard.

5.   At all times relevant hereto, the Defendants, PRAXAIR, had a duty to exercise ordinary and reasonable care so as to maintain said walkway in a reasonably safe condition so as to prevent injury to the Plaintiff and other invitees of said PRAXAIR plant facility.

6.   At said time and place, the Defendants, PRAXAIR, by and through its agents and servants acting on its behalf, carelessly and negligently:

   a.   failed to properly maintain said walkway;

   b.   failed to warn the Plaintiff and others of the dangerous and defective condition of said walkway when the Defendants knew or through the exercise of reasonable care should have



        known that the Plaintiff and others were likely to be injured due to the defective and dangerous condition of said walkway;

c.     allowed said pipe to be covered with snow such that it created a tripping hazard;

d.     failed to inspect and/or assign to anyone the job of inspecting said walkway at reasonable intervals so as to discover the dangerous and defection condition of said walkway;

e.     failed to remove snow from said walkway when the defendants knew or through the exercise of reasonable care should have known that the defective and dangerous condition of said walkway was likely to cause injury to the plaintiff and/or others;

f.     failed to guard, block off and/or barricade said walkway so as to prevent use by the plaintiff and/or others, when the defendants knew or through the exercise of reasonable care should have known that the dangerous and defective condition of said walkway was likely to cause injury to the plaintiff and/or others;

g.     failed to provide adequate lighting so as to illuminate said walkway when the defendants knew or through the exercise of reasonable care should have known that delivery persons (such as the Plaintiff) would be using said walkway to make their deliveries and would likely be injured due to the dangerous and defective condition of said walkway; and

h.     was otherwise careless and negligent.

7.     As a direct and proximate result and in consequence of one or more of said wrongful acts of the Defendants, PRAXAIR, the Plaintiff, Walter Burtin, was caused to be injured when he tripped and fell due to the dangerous and defective condition of said walkway and thereby he was caused to suffer severe and permanent injuries including a right shoulder injury which required him to undergo hospitalization and surgery; and he has suffered and with reasonable certainty will continue to suffer great pain and discomfort; and he has been and will be hindered from attending to his affairs and duties; and he has been and will be deprived of large earnings and profits which he otherwise would have realized, and he has incurred and in

the future will continue to become liable for large sums of money for the care and treatment of his said injuries.

WHEREFORE, the Plaintiff, Walter Burtin, asks for Judgment against the Defendants - Praxair, Inc., Praxair Distribution, Inc., Praxair Services, Inc., Praxair Surface Technologies, Inc., Union Carbide Industrial Services Company d/b/a Praxair Services, Inc., Union Carbide Industrial Gases Inc. d/b/a Praxair, Inc., Union Carbide Coatings Service Corporation d/b/a Praxair Surface Technologies, Inc., and Union Carbide Corporation - in an amount sufficient to compensate him for his losses, for his costs and for all other relief just and proper in the premises.

Respectfully submitted,

/s I. Peter Polansky
I. Peter Polansky, #26698-49

/s/ Elizabeth A. Moore
Elizabeth A. Moore, #23138-64A

Polansky & Cichon, Chtd.
Two Prudential Plaza
180 North Stetson Avenue, Suite 5701
Chicago, Illinois 60601
Telephone No: (312) 346-9241
Telefax No: (312) 704-4431

4