UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| WALTER BURTIN,<br><br>                  Plaintiff,<br><br>               v.<br><br>PRAXAIR, INC.; PRAXAIR DISTRIBUTION, INC.; PRAXAIR SERVICES, INC.; PRAXAIR SURFACE TECHNOLOGIES, INC.; UNION CARBIDE INDUSTRIAL SERVICES COMPANY d/b/a PRAXAIR SERVICES, INC.; UNION CARBIDE INDUSTRIAL GASES, INC. d/b/a PRAXAIR, INC.; UNION CARBIDE COATINGS SERVICE CORPORATION d/b/a PRAXAIR SURFACE TECHNOLOGIES, INC.; and UNION CARBIDE CORPORATION,<br><br>                  Defendants. | CAUSE NO.: 2:20-CV-39-TLS-JEM |

**OPINION AND ORDER**

This matter is before the Court on a Stipulation to Dismiss Certain Defendants Only [ECF No. 5], filed by all Defendants on February 4, 2020. Plaintiff and all Defendants stipulate to the dismissal of all defendants named in this action except for Defendant Praxair, Inc. "pursuant to [Federal Rule of Civil Procedure] 41(A)(ii)"[1] [ECF No. 5].

Stipulated dismissals under Rule 41(a)(1)(A)(ii) do not require judicial approval. *See* Fed. R. Civ. P. 41(a)(1)(A)(ii) (stating that "the plaintiff may dismiss an action without a court order by filing . . . a stipulation of dismissal signed by all parties who have appeared"); *Jenkins v. Vill.*

---

[1] The Court presumes that the parties intended to refer to Federal Rule of Civil Procedure 41(a)(1)(A)(ii), as that is the only portion of Rule 41 addressing a "stipulation."

*of Maywood*, 506 F.3d 622, 624 (7th Cir. 2007) (noting that a voluntary dismissal under Rule 41(a)(1) is effective upon the filing of the stipulation); *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) ("Rule 41(a)(1)(A)(ii) requires that the stipulation be filed in court, and the date of filing is the date the dismissal takes effect."). However, Rule 41(a) speaks in terms of dismissing an "action" but does not mention the dismissal of individual claims. S*ee Berthold Types Ltd. v. Adobe Sys. Inc.*, 242 F.3d 772, 776 (7th Cir. 2001) (noting that Rule 41(a)(1) speaks in terms of dismissing an action, not a claim). Therefore, a stipulation for dismissal is ineffective here because the claims asserted against remaining Defendant Praxair, Inc. are part of the same "action" as the claims against the Defendants that the stipulation seeks to dismiss.

This Court follows the reasoning set forth in *Gatling v. Nickel*, 275 F.R.D. 495 (E.D. Wis. 2011), where the district court invoked Rule 41(a)(2) to dismiss individual claims—but not the entire action—pursuant to a stipulation of the parties. The *Gatling* court noted the general consensus that Rule 41(a) provides for the voluntary dismissal of an action as opposed to individual claims. *Gatling*, 275 F.R.D. at 496. However, the court further stated:

> On the other hand, it should be noted that Rule 41(b), which allows a defendant to move for involuntary dismissal, permits the movant to request and the court to grant dismissal of the entire action, or particular claims. Fed. R. Civ. P. 41(b). While certain cases have read this dichotomy to indicate that Rule 41(a) thus does not permit dismissal of individual claims, else it would so state, *see Hells Canyon Preservation Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 n. 7 (9th Cir. 2005), it does show that Rule 41 contemplates, more generally, a court's power to dismiss individual claims. Further, the cases which prohibit dismissal of individual claims under Rule 41(a) have tended to do so in an adversarial context, that is for example, the defendant opposed dismissal or the plaintiff attempted to characterize a dismissal as voluntary on appeal. It would seem needlessly constraining, where Rule 41 otherwise contemplates dismissal of individual claims, to prohibit the dismissal of individual claims under Rule 41(a) where both parties have stipulated to such. Thus, the court is satisfied that it has the power to enter an order in this situation.

*Gatling*, F.R.D. at 496.[1]

In consideration of the procedural context of this case, the Court finds that it has the power, as the court did in *Gatling*, to enter an order pursuant to Rule 41(a)(2) to dismiss certain claims. The Court further finds that dismissal of the claims against the Defendants other than Praxair, Inc. is appropriate because the context in which dismissal is sought is not adversarial and there is no prejudice to either remaining party in allowing the dismissal.

## CONCLUSION

Having construed the parties' Stipulation to Dismiss Certain Defendants Only as a request for a Court order, the Court, pursuant to Federal Rule of Civil Procedure 41(a)(2), GRANTS the dismissal [ECF No. 5] and ORDERS that Plaintiff's claims against Defendants Union Carbide Industrial Services Company d/b/a Praxair Services, Inc., Praxair Distribution, Inc., Union Carbide Corporation, Union Carbide Industrial Gases, Inc. d/b/a Praxair, Inc., Praxair Services, Inc., Union Carbide Coatings Service Corporation d/b/a Praxair Surface Technologies, Inc., and Praxair Surface Technologies, Inc. are DISMISSED without prejudice. The case remains pending as to Defendant Praxair, Inc.

SO ORDERED on June 30, 2020.

s/ Theresa L. Springmann
CHIEF JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT

---

[1] Other courts have required that a plaintiff who wishes to drop some claims but not others should do so by amending the complaint pursuant to Rule 15. *See, e.g.*, *Cedar Lake Ventures I, LLC v. Town of Cedar Lake, Ind.*, No. 2:10-cv-255, 2010 WL 3927508, at *2 (N.D. Ind. Oct. 4, 2010) (converting "faulty" Rule 41(a)(2) motion into a Rule 15 motion to amend the complaint); *Bibbs v. Newman*, 997 F. Supp. 1174, 1177 (S.D. Ind. 1998) ("A motion to dismiss voluntarily a single claim in a multi-count complaint is more properly treated as an amendment to the original complaint under Fed. R. Civ. P. 15(a).").